[No. 19248.  Department Two.—February 9, 1894.]

PHIL HOLLENBACH, APPELLANT, v. E. C. SCHNABEL, RESPONDENT.

CLAIM AND DELIVERY—RETURN OF PROPERTY DELIVERED TO PLAINTIFF —EVIDENCE—PAPERS ON FILE—JUDICIAL NOTICE.—In an action of claim and delivery, where the property was delivered to the plaintiff, and the answer demanded a return of the property or a recovery of its value and damages, and the papers on file were not formally offered in evidence at the trial, a finding of the fact of the delivery of the property to the plaintiff, is supported by the judicial notice of the court of the proceedings had in the cause, the evidence of which, under the official signature of its sheriff was, as provided by the code, on file in the cause.

ID.—JUDICIAL NOTICE OF PROCEEDINGS IN CAUSE.—Courts will take judicial notice of their records and officers, and, when necessary for the administration of justice in a given case, will take such notice of all previous and undisputed proceedings therein appearing of record, certified or authenticated as required by law, and required by law to be on file or of record in the cause.

ID.—POSSESSION BY PLAINTIFF—JUDICIAL NOTICE OF SHERIFF'S RETURN.
   Where the evidence showed the right of property in the defendant, and
   the value averred in the complaint is not denied in the answer, the court
   may determine the question as to the possession by the plaintiff from
   judicial notice of the return of the sheriff showing its delivery to the
   plaintiff, and may determine therefrom the right of the defendant as a
   question of law to a judgment for its return.

ID.—FRAUD IN SALES—RESCISSION—FINDING OF FACT.—Where the prop-
   erty claimed was sold by plaintiff to the defendant, and was sought to
   be recovered on the ground that it was procured by fraudulent repre-
   sentations by the defendant, the finding that "plaintiff did not rescind
   said sales, or either of them," is the finding of an ultimate fact, and not
   of a conclusion of law; and this fact being found, the plaintiff was not
   in a position to recover the property sold in an action for claim and
   delivery, even had the court found the defendant guilty of fraud.

APPEAL from a judgment of the Superior Court of
Los Angeles County denying a new trial.

The facts are stated in the opinion.

*H. Bleecker,* for Appellant.

The findings are insufficient, as they should have been
either of the ultimate facts, or of secondary facts from
which the ultimate facts would necessarily follow.    (*Ma-
thews* v. *Kinsell,* 41 Cal. 512; Hayne on New Trial and Ap-
peal, p. 728; *Emmal* v. *Webb,* 36 Cal. 204; *Biddel* v.
*Brezzolara,* 56 Cal. 381; *Knight* v. *Roche,* 56 Cal. 15; *Soto*
v. *Irvine,* 60 Cal. 436; *Younger* v. *Pagles,* 60 Cal. 520;
*Glascock* v. *Ashman,* 52 Cal. 422.)    The allegations as to
the representations made by defendant to plaintiff are
specific, and should have been found upon.    (*Talcott* v.
*Henderson,* 27 Am. Rep. 501; *Donaldson* v. *Farwell,* 93
U. S. 993.)    The finding that the defendant did not re-
scind the sales, or either of them, is a finding upon a
matter of law and not.available to defendants.    (*Healy*
v. *Utley,* 1 Cow. 345.)    There was no evidence showing
a delivery of the property to the plaintiff.    The defend-
ant should have introduced the sheriff's return, as the
court could not take judicial knowledge of it.    (Code
Civ. Proc., sec. 1875; Pol. Code, sec. 4178; Cobbey on
Replevin, secs. 989, 990; *Street* v. *McClerkin,* 77 Ala.
580; *Beebe* v. *De Baun,* 8 Ark. 510; *Jetton* v. *Smead,* 29

Ark. 372; *Bennett* v. *Schuster*, 24 Minn. 383; *Black* v. *Foster*, 7 Abb. Pr. 406.)

*Graff & Latham*, for Respondent.

The court found upon all the material issues. The findings are such as are contemplated by the code; they are statements of the ultimate facts in the controversy, and are in harmony with the authorities cited by appellant. (*Mathews* v. *Kinsell*, 41 Cal. 512.) A failure to find upon an immaterial issue is not error. (*Knowles* v. *Seale*, 64 Cal. 377.) The judgment being supported by the findings as made, and there being no evidence in the record upon any question other than sale and delivery, this case must stand as though an appeal had been taken from the judgment, and the judgment will not be disturbed. (*Dolliver* v. *Dolliver*, 94 Cal. 646.) The finding that the defendant did not rescind the sales is a finding of an ultimate fact. (*Walker* v. *Buffandeau*, 63 Cal. 316; *Jones* v. *Clark*, 42 Cal. 180.)

SEARLS, C.—This is an action of claim and delivery, to recover possession of certain liquors sold and delivered by plaintiff to defendant Schnabel, and which, it is claimed, were procured by fraudulent representations of defendant.

The cause was tried by the court, written findings filed, and judgment ordered in favor of defendant:

1. For the return of the property.

2. For the sum of seven hundred and twenty-one dollars and seventy-five cents, the value thereof, in case a return cannot be had.

Plaintiff moved for a new trial, and, his motion being overruled, appeals from the order denying such new trial.

The court found, among other things, that on the twenty-eighth day of December, 1889, the sheriff of Los Angeles county, under and by virtue of an affidavit, undertaking, etc., filed by direction of the plaintiff, took possession of the property, and thereafter and on

the third day of January, 1890, delivered the same to the plaintiff, and that the value thereof was and is seven hundred and twenty-one dollars and seventy-five cents.

Appellant contends that there was no evidence in support of these findings.

There was on file among the papers in the case the affidavit and undertaking on behalf of plaintiff for a return of the property, describing it as in the complaint; the return of the sheriff duly certified, showing the taking of the property from defendant, and describing it precisely as in the complaint and affidavit, and the statement that he delivered it to the plaintiff as found by the court. These papers were not formally offered in evidence at the trial, but, being on file as papers in the case, were used by the court in making its findings.

Treated as evidence, they showed conclusively the delivery of the property to plaintiff, and the question arises, should a new trial be granted for this cause?

The Code of Civil Procedure, section 520, requires the sheriff to file the affidavit, notice, and undertaking, with his proceedings thereon, with the clerk of the court in which the action is pending.

The answer demanded a return of the property, or a recovery of its value, and damages.

I am of opinion the court was at liberty to take judicial notice of the previous proceedings had in the cause, the evidence of which, under the official signature of the sheriff, was as provided by the code on file in the case.

Courts will take judicial notice of their records and officers. The case of *Blum* v. *Stein,* 68 Tex. 608, involved a like principle. The plaintiffs had brought an action, and wrongfully sued out a writ of attachment under which property of the defendant had been levied upon, sold, and the proceeds paid into court. Defendant had answered, averring the wrongful issue of the attachment, and asking damages on account thereof,

which he recovered. The court entered judgment without reference to the fund arising from the sale of the attached property. On appeal the supreme court held this to be error, and said:

" The court knew judicially that the money was in court," and, after specifying what should have been done with it, added: " To have authorized the court to do this it was not necessary that the evidence rejected should have been introduced."

In *State* v. *Bowen*, 16 Kan. 475, it was held that the court will take judicial notice of all prior proceedings in a case, and hence that on a plea in bar of " once in jeopardy" it was unnecessary to introduce evidence of a former trial, and the verdict rendered on such trial.

In every case where a demurrer is interposed to a complaint upon the ground that the cause of action is barred by the statute of limitations, the court must and does, for the purpose of passing upon the question thus presented, take judicial notice of the date at which the action is commenced.

And we think it may be said generally that, when necessary for the administration of justice in a given case, the court will take such notice of all previous and undisputed proceedings therein as appear of record, certified or authenticated as required by law, and required by law to be on file or of record in the cause.

The findings of the court show that defendant is the owner of, and entitled to, the possession of the property in dispute. Plaintiff introduced in evidence the proceedings in insolvency of defendant, which showed his claim of right to the property, and that it was taken from him by the sheriff, and was held by the latter for the plaintiff. Its value was averred in the complaint, and not denied by the answer, hence the only question was as to the possession by plaintiff. To prove this the return of the sheriff was proper evidence, and, that return being of record, the court might well avail itself of it in determining the fact; or, if the fact had not been found, in determining the right of defendant, as a

question of law, to a judgment for its return. (*Wald-man* v. *Broder*, 10 Cal. 379.)

The findings of fact cover all the material issues made in the case. The finding "that plaintiff did not rescind said sales, or either of them," was one of fact, and not a conclusion of law, as contended by appellant. It was the ultimate fact, of which the other facts mentioned in the complaint were but evidentiary. (See *Levins* v. *Rovegno*, 71 Cal. 273, where the distinction between conclusions of law and deductions of fact is discussed at some length.)

This fact being found, and manifestly all the others become unimportant, for the reason that if plaintiff failed to rescind the contract he was not in a position to recover the property sold in an action for claim and delivery, even had the court found the defendant guilty of fraud.

The order appealed from should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.