## HYDE v. APPLE.
### No. 2631.

Court of Civil Appeals of Texas. Eastland.
March 12, 1948.
Rehearing Denied April 2, 1948.

Joseph A. Chandler, of Stephenville, for appellant.

Oxford & Pollan, of Stephenville, for appellee.

GRISSOM, Chief Justice.

The automobile of W. C. Apple was damaged in a collision with a bus alleged to be owned by G. W. Hyde. Apple sued Hyde for damages to his automobile occasioned by said collision and alleged that Hyde was the owner of the bus and that at the time of the collision, it was being operated by his employee, acting within the scope of his employment. The defendant filed a plea of privilege to be sued in the county of his residence. The plea was controverted by the plaintiff who alleged that the suit could be properly maintained in Erath County where the collision occurred, because the defendant committed a trespass there and Exception 9 to Article 1995, Vernon's Ann. Civ.St., was applicable.

Upon a hearing of the plea of privilege, special issues were submitted to a jury and it found, (1) that "defendant, acting by and through his agent and employee", drove

the bus against plaintiff's automobile; that this was negligence and a proximate cause of the collision; (2) that the driver of the bus was driving it at a greater rate of speed than a person of ordinary prudence would have driven it; (3) that this was negligence, and (4) a proximate cause of the collision. (5) That the driver of the bus was driving on his left side of the road; (6) that this was negligence, and (7) a proximate cause of the collision; (8) that the driver of the bus drove through a highway stop sign without stopping just prior to the collision; (9) that this was negligence, and (10) a proximate cause of the collision. The jury found that the difference in the value of plaintiff's automobile immediately before and after the accident was $500.00. In answer to many issues, the jury found that the plaintiff was not guilty of contributory negligence.

Prior to the submission of the case to the jury, the defendant filed its motion for an instructed verdict and after return of the verdict, a motion for judgment notwithstanding the verdict. It seems to be conceded that the evidence was insufficient to support a finding that the bus that collided with the plaintiff's automobile was owned by the defendant, or that at said time it was being driven by defendant's agent and that he was then acting within the scope of his employment. See Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W. 2d 164, 165; Brown Express, Inc., v. Arnold, 138 Tex. 70, 72; 157 S.W.2d 138; Compton v. Elliott, 126 Tex. 232, 241, 88 S.W.2d 91. If these essential elements were proved, the proof was made by virtue of a request for admissions requested by the plaintiff from the defendant on July 1, 1947. On that date, plaintiff filed with the County Clerk of Erath County the following request for admissions:

"The plaintiff, W. C. Apple, requests the defendant, G. W. Hyde, to make the following admissions for the purpose of this action only.

"That each of the following statements are true:

"1. The defendant in the above styled and numbered cause, G. W. Hyde, was on March 22, 1947, the owner and operator of 'Central Texas Bus Lines', and was on said date carrying on his business as such in the State of Texas, operating various and sundry motor buses on scheduled routes under and by virtue of certificates and permits duly issued by the Railroad Commission of the State of Texas in compliance with the laws of said State.

"2. That one of defendant's scheduled routes on said date was between Cisco, Texas, and Waco, Texas, and all points in between, and passed through the city of Stephenville, Erath County, Texas, on U. S. Highway 281.

"3. That a collision did occur between one of defendant's buses and plaintiff's automobile on March 22, 1947, on U. S. Highway 281, in Erath County, Texas.

"4. That at said time and place of said collision the defendant's bus was being operated on its scheduled routes from Cisco, Texas, to Waco, Texas, and was then and there being driven by Emil Adams, who was a duly authorized agent of said defendant, and who was at said time and occasion operating said bus as such agent, within the scope of his employment, and in line of duty.

"Plaintiff requests the defendant to make or deny said admissions not later than July 12, 1947, in order that the time of the Court will not be wasted in proving uncontroverted facts and to save the expense of bringing witnesses great distances to prove said facts."

The request for admissions was not introduced in evidence. There is no evidence in the record that the request was presented to the defendant and that within the requested time he failed to deliver to plaintiff, or his counsel, a sworn statement either denying the matters of which an admission was requested or setting forth the reasons why he could not truthfully admit or deny those matters.

Rule 169, Texas Rules of Civil Procedure, provides that at any time after a defendant has made appearance in a cause, one party may deliver to any other party, or his attorney, a written request for admission by such party of the truth of any relevant matters of fact set forth in the request. It further provides that the mat-

ters of which an admission is requested shall be deemed admitted unless within the period designated in the request (but not less than 10 days after delivery of the request) the party to whom the request is directed shall deliver to the party requesting the admission, or his attorney, a sworn statement either denying specifically the matters of which an admission is requested or setting forth the reasons why he cannot do so. There is no reference to the request for admission, its delivery to the opposition or failure of the opposition to answer the request in the statement of facts. The only reference thereto in the record is found in the judgment overruling defendant's plea of privilege which, after setting out the charge of the court and the verdict of the jury, recites, "submission of further special issues to the jury were considered by the court unnecessary for the reason plaintiff, in compliance with Rule 169, Rules of Civil Procedure, filed on July 1, 1947, his written request for admission or denial of the truth of the following relevant facts."

There then followed a quotation of the request for admissions. This was followed by a finding of the court, to wit: "The Court further finds that the defendant failed to file sworn answers to the above requests by July 12, 1947, the time required to do so, and that failure to file said sworn answers within such time constituted legal admissions of all allegations of fact contained therein and that this court has judicial notice of all instruments and papers filed in this cause."

The court then proceeded to overrule defendant's plea of privilege. The defendant excepted to said judgment and has appealed.

Appellee admits in his brief that upon the hearing of the plea of privilege the admissions were not offered in evidence and no other proof was offered or made upon the issue of ownership and agency. Appellant insists that since there was no proof that he owned the bus or that the bus was being driven by his agent or employee, acting within the scope of his employment at the time of the collision, that the court erred in overruling his motions for an instructed verdict and for judgment notwithstanding the verdict. This contention must be sustained unless the court could take judicial

notice of the request for admissions and also that defendant was served with said request and failed to answer it. Appellee takes the position that the essential elements of a trespass which must be established by him to maintain venue in Erath County under Exception 9, Article 1995, are properly supplied by the trial court taking judicial notice of the request for admissions and that appellant was served therewith and failed to answer. There is nothing in R.C.P. 169 or related rules, such as 166, 167, and 170, nor in Federal Rules of Civil Procedure, rule 36, 28 U.S.C.A. following section 723c, which is the source of R.C.P. 169, that either requires the filing of the request for admission or the answer thereto, or provides that either may be filed as a paper in the case.

"(7) Records, Court Papers, Etc.—(a) Courts' Own Records—aa. In General. Courts take judicial notice of their own records in a case where it is proper to invoke such notice, including records in cases tried in and removed from another court; that is to say such records need not if relevant be introduced in evidence, but will, when produced and identified on the inspection of the judge or by evidence be accepted by the court as establishing their own existence, indorsements on them, and other facts which such records purport to state, as that a certain case, or appeal, is pending; that a claim is or is not barred by the statute of limitations; that there is a want of proper parties; that one joint debtor has been discharged by discharging the other, or that a person has been appointed receiver and the order of appointment appealed from. Acts done in the clerk's office dehors the record will not be judicially noticed, although the rule is otherwise when a fact of this nature, such as payment of money into court, is entered as of record. The court may examine records or docket entries, either of its own motion or at the suggestion of counsel, to ascertain the relevant facts set forth in them; but its judicial knowledge does not have greater force and effect than would be accorded the evidence of which it supplies the place." 23 C.J., page 109, 110; 31 C.J.S., Evidence, § 50.

Assuming for present purposes that, although the rule does not provide for fil-

ing the request for admission among the papers in a case, when a request for admission is filed, the court may take judicial notice of its filing and contents, this would not prove that the request was delivered to defendant nor that he failed to timely and properly answer it. In this connection, see 31 C.J.S., Evidence, § 13; Vol. 23 Words & Phrases, Perm.Ed., 272; 20 Tex.Law Review, 19; Masten v. Masten, Tex.Civ. App., 165 S.W.2d 225 (writ ref.); Billingslea v. Greaves, Tex.Civ.App., 196 S.W.2d 945, 949; Weaver v. Weaver, Tex.Civ.App., 171 S.W.2d 898, 901; Frierson v. Modern Mut. Health & Accident Ins. Co., Tex.Civ. App., 172 S.W.2d 389, 393; Masten v. Gower, Tex.Civ.App., 165 S.W.2d 901, 902; State v. Abbott Loan Service, Tex.App. App., 195 S.W.2d 416, 420; Foster v. Chicago R. I. & T. R. Co., 10 Tex.Civ.App., 31 S.W. 529.

Although the courts have construed R.C.P. 169, we have found no case in Texas that is directly in point on the question presented. Since R.C.P. 169 does not require the filing of the request for admission with the clerk, we think that fact that it was filed does not authorize the court to take judicial notice of either said filing or the contents of the request. See Hollenbach v. Schnabel, 101 Cal. 312, 35 P. 872, 40 Am.St.Rep. 57, 59. But, if the court could take judicial notice of the filing and the contents of the request, the essential elements would not be supplied without proof that the request was delivered to appellant, or his attorney, and that he failed to timely answer the same. In Nichols v. Nichols, 126 Conn. 614, 13 A.2d 591, 595, the court said:

"However, matter which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so, and this is particularly true of a claimed admission in a superseded pleading. 2 Wigmore, Evidence, 2d Ed., 551. Moreover, where it is necessary to make an adequate record of the case for an appeal, the source of information should be read into the record or be marked as an exhibit; or, if the trial court refuses to take notice of the matter, it should, unless it would otherwise appear of record, he marked for identification; and, in a jury trial, the court may in its discretion cause the matter to be submitted to the jury either by having it read into the record or marked as an exhibit, or may place it before them in its charge." See also First State Bank of Loraine v. Jackson, Tex.Civ.App., 13 S.W.2d 979, 980.

There is no proof in this record that the request was delivered to appellant or that he failed to answer. Without it, there was no evidence that defendant owned the offending bus or that it was being driven at the time of the collision by defendant's employee while acting within the scope of his employment. Therefore, there was no evidence that the defendant was guilty of a trespass in Erath County and no proper basis for the judgment overruling appellant's plea of privilege. The judgment is reversed and the cause remanded.