[Civ. No. 18248. Second Dist., Div. Three. Sept. 18, 1951.]

MILTON A. KRUG, as Special Administrator, etc., Appellant, v. ROSE A. MEEHAN, Respondent.

Gilford & Mendelson and Roy M. Good for Appellant.

Arthur G. Baker for Respondent.

VALLÉE, J.—Plaintiff brought this action seeking a decree setting aside a conveyance of realty on the ground it had been procured by undue influence. A demurrer of defendant Rose A. Meehan was sustained to the complaint and to an amended complaint. With her demurrer to the complaint defendant Rose A. Meehan filed a cross-complaint seeking a decree quieting title to the realty in her. Plaintiff answered the cross-complaint. The demurrer of Rose A. Meehan was also sustained to a second amended complaint with leave to amend. Plaintiff did not amend within the time allowed and, on motion of Rose A. Meehan, a minute order[1] was made dismissing the complaint as to her pursuant to the provisions of section 581(3) of the Code of Civil Procedure. Plaintiff appealed from the latter order.

The second amended complaint alleges that James Cleary, then 78 years of age, now deceased, purchased two parcels of realty and that title was taken in his name and that of defendant Rose A. Meehan, as joint tenants, and that the purchase money was Cleary's. Facts are alleged to the effect that a confidential relation existed between Cleary and Meehan and that the latter procured title to be taken in their joint names by the exercise of undue influence on him. The cross-complaint seeks to have the title of Rose A. Meehan quieted to the same two parcels of realty described in the complaint.

The court, at the oral argument, suggested that there was a question whether the appeal was premature. Counsel requested and were given leave to brief the question. Appellant has filed a memorandum in which he concedes, correctly, that the appeal is premature. (See *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668]; *Nicholson* v. *Henderson*, 25 Cal.2d 375 [153 P.2d 945].)

The controversy in the present action is between only two parties: the administrator of the estate of Cleary and Rose A. Meehan. The parties to the complaint and the answer thereto and to the cross-complaint and the answer thereto are identical. There is now an order of dismissal, which,

[1] "It appearing to the court from the affidavit of Arthur G. Baker that this complaint should be dismissed under the provisions of Section 581 Code of Civil Procedure, Subdivision 3, as to defendant Rose A. Meehan, now, therefore, upon a motion of said defendant, the above entitled complaint is hereby dismissed as to the said defendant Rose A. Meehan and the said defendant is given judgment against the plaintiff for her costs, in the sum of $————. Let execution issue hereon."

if a cross-complaint had not been filed, would have been an appealable order (Code Civ. Proc., § 581d; *Gwinn* v. *Ryan,* 33 Cal.2d 436 [202 P.2d 51]), but because of the cross-complaint and answer thereto the action is still pending; a final judgment has not been entered therein. ■ The cross-complaint did not fall with dismissal of the complaint. (*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 394 [217 P.2d 968].) ■ A final judgment may not be entered until the issues made by the cross-complaint and the answer thereto have been determined. Plaintiff-appellant may assert that the complaint states facts sufficient to constitute a cause of action on the appeal from the final judgment.

Appeal dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.