[Civ. No. 18248. Second Dist., Div. Three. Dec. 27, 1951.]

MILTON A. KRUG, as Special Administrator, etc., Appellant, v. ROSE A. MEEHAN, Respondent.

THE COURT.—The appeal taken by plaintiff in this action was dismissed upon the ground that it was premature (*Krug* v. *Meehan,* 106 Cal.App.2d 554 [235 P.2d 410]). As stated in the opinion, the ground of the dismissal was that the record on appeal disclosed that there was on file in the action a cross-complaint to quiet title and answer thereto involving title to the same property and the same issues as the complaint and answer. We held that although the action had been dismissed on motion, for plaintiff's failure to amend his complaint, there had been no final judgment determining the question of title. It was subsequently made to appear to the court that the cross-complaint had been dismissed in July, 1950, upon the written request of the attorney for defendant, respondent herein. Thereupon, issuance of remittitur was stayed and an order was issued to show cause why our judgment should not be vacated, and after due notice the same was heard on affidavits of counsel for the parties. It was known to the court that upon argument of the appeal the court raised the point that by reason of the undetermined issues raised by the cross-complaint and answer thereto as shown by the record on appeal, there had been no final judgment, and it was also known to the court that the attorney for respondent, in the argument, or in his points and authorities subsequently filed as to the suggested premature appeal, did not advise the court or counsel for appellant that the cross-complaint had been dismissed. It was made to appear by affidavit of one of the attorneys for plaintiff that plaintiff's present counsel were substituted for counsel who had tried the case and were unaware of the fact of such

dismissal until after our judgment dismissing the appeal. It was made to appear by affidavit of the attorney for respondent that he had forgotten he had caused the cross-complaint to be dismissed, and that the fact was not recalled to his mind until after our judgment dismissing the appeal. Upon the hearing of the order to show cause the attorney for respondent stated that he would not oppose an order vacating our judgment upon the ground of mutual mistake. We need not, however, give heed to this concession in formulating our judgment in the premises.

The appeal was dismissed upon the assumption of a fact by reason of which it was held that the appeal had been taken prematurely. It was a false and mistaken assumption, and, in the view we are presently taking, the mistake was that of the parties, and consequently of the court. Present counsel for appellant were not negligent in the matter. Responsibility for the regrettable mistake rests upon counsel for respondent. The court has not only the inherent power but the duty to vacate its former judgment. (*Wiggin* v. *Superior Court,* 68 Cal. 398 [9 P. 646]; *Bastajian* v. *Brown,* 19 Cal.2d 209 [120 P.2d 9]; *Isenberg* v. *Sherman,* 214 Cal. 722, 725 [7 P.2d 1006]; *In re Rothrock,* 14 Cal.2d 34 [92 P.2d 634]; 5 C.J.S., p. 1483; 49 C.J.S., pp. 478, 495.)

The judgment dismissing the appeal is vacated.