[Sac. No. 6671. In Bank. Mar. 26, 1958.]

GARLAN EPLEY, Respondent, v. AMELIA CALIFRO, as Administratrix, etc., et al., Defendants; LENA CALIFRO, Appellant.

Barbagelata, Zief & Carmazzi and Henry J. Broderick for Appellant.

Francis M. Arnoldy and Heenan & Arnoldy for Respondent.

SHENK, J.—This is an appeal by the defendant Lena Califro from an order entered August 26, 1955, granting plaintiff's motion to vacate an order entered July 21, 1955. The order of July 21 was made pursuant to the provisions of Code of Civil Procedure, section 581a.[1] It dismissed the action as to Lena and her codefendant Mareck. The order appealed from was based on the asserted ground that the prior order was inadvertently made. The defendant Mareck did not appeal.

The issues presented on appeal are whether the order of

---

[1] Section 581a provides in its pertinent part: "All actions, heretofore or hereafter commenced, must be dismissed by the court . . . on its own motion . . . if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, except where the parties have filed a stipulation in writing that the time may be extended."

August 26 is an appealable order and whether the trial court erred in vacating its prior order of dismissal.

The record consists of the clerk's transcript. It shows that on March 22, 1951, a complaint was filed for $2,300 due on an open book account naming as defendants Thomas T. Califro, Andy Mareck and several fictitious Does. Summons was issued and served. On May 1, 1951, a demurrer was filed on behalf of Thomas Califro, Lena Califro (sued as Jane Doe) and Andy Mareck by and through the law firm of Rich, Carlin and Fuidge. On May 4 the demurrer was withdrawn and the defendants were given 15 days to answer. In October a notice of taking a deposition by the plaintiff was served on these attorneys. No further pleadings were filed by the defendants' attorneys in the action. On December 14, 1951, a document was filed entitled "Answer and Cross-Complaint." The answer denied the allegations of the complaint and the cross-complaint prayed for damages in the sum of $100,000 on behalf of the cross-complainant, Thomas T. Califro. This document was signed "Thomas T. Califro in Pro Per." The verification stated that Thomas T. Califro "is one of the defendants in the above entitled cause; that the attorneys of record for the defendants having withdrawn and resigned as such, he now appears herein in his proper person for himself and for the defendants and cross-complainant. . . ." It was signed "Thomas T. Califro." The document was served on counsel of record who have represented the plaintiff from the commencement of the action and on this appeal. On September 26, 1952, counsel for plaintiff filed an answer to the cross-complaint. The affidavit of service shows that it was served by mail on September 30, 1952, on the law firm of Hewitt and McBride. Notice of motion to set the case for trial was served on these attorneys. The cause came on for trial on July 21, 1955. The Minute Order of that date shows that attorney J. W. O'Neil appeared as counsel for Amelia Califro, Administratrix of the Estate of Thomas T. Califro, deceased, and that the court ordered the action dismissed as to defendants Mareck and Lena Califro "according to Section 581a of the Code of Civil Procedure." The trial proceeded as to the remaining defendants and the case was submitted. Insofar as the record shows no judgment has been entered.

While the case was under submission and on August 2, 1955, one of the plaintiff's attorneys of record filed a notice of motion to vacate the order of submission and to set aside the order dismissing the action as to the defendants Lena

Califro and Andy Mareck. The pertinent portions of the supporting affidavit state: "Subsequent to the submission of said cause, your affiant further reexamined the Answer and Cross-Complaint filed by Thomas T. Califro in the above entitled action and discovered in the verification thereof that Thomas T. Califro appeared in propria persona for himself and as attorney for defendants in said action. That Thomas T. Califro was an attorney at law, duly admitted and licensed to practice as such in all the Courts of California, appears in affiant's affidavit on file in said action, and therefore, said Thomas T. Califro was entitled to appear not only for himself, but on behalf of said defendants." Notice of this motion was served only on the attorney for the administratrix of the deceased defendant Thomas T. Califro. On August 26 the court made an "Order Setting Aside Order of Dismissal" which stated that the order of July 21 dismissing the action as to two defendants had been "inadvertently made" by the court. The order recites that notice of the motion to vacate had not been given to the defendants Lena Califro or Andy Mareck or their attorney; that the attorney for the administratrix had advised the court that he was not and never had been the attorney for either of those defendants, and that he had appeared solely on behalf of the administratrix. The clerk's register of that date states: "Aug. 26. Motion to vacate submission, denied, by stipulation. Court ordered motion to vacate Order of Dismissal granted. Case to be re-opened as to defendants Lena Califro and Andy Mareck only." On November 2, 1955, a "Substitution of Counsel" was filed by defendant Lena Califro substituting her present counsel for the law firm of Rich, Carlin and Fuidge. This paper was signed by her former and present counsel of record and by herself.

 The plaintiff urges that the order of August 26 is not an appealable order. His argument is based upon the fact that some of the allegations of the cross-complaint refer to damages suffered by the "defendants" and that the court took no action and made no decision regarding the cross-complaint. Section 581d of the Code of Civil Procedure provides that the dismissal of an action by the court shall be entered upon the minutes and upon the clerk's register, and that when entered upon the minutes it shall constitute a judgment and be effective for all purposes. The order of dismissal was entered upon the minutes of the court and upon the clerk's register of actions and, therefore, constituted a final judgment. The

order of August 26 vacating the order of dismissal was a special order made after final judgment and appealable under the provisions of section 963, subdivision 2, of the Code of Civil Procedure. *Nicholson* v. *Henderson,* 25 Cal.2d 375 [153 P.2d 945], and *Krug* v. *Meehan,* 106 Cal.App.2d 554 [235 P.2d 410], relied upon by the plaintiff, are not in point because, for the reasons hereinafter stated, the cross-complaint was not regularly filed.

The appellant urges that the order of August 26 was in excess of the court's jurisdiction and was void. In making the order of July 21 the court impliedly found and concluded from the undisputed facts that the complaint was filed on March 22, 1951; that summons was issued and served forthwith; that on May 1, 1951, the firm of Rich, Carlin and Fuidge filed a demurrer and a demand for a bill of particulars; that this appearance constituted them as attorneys of record for the defendants; that there was no substitution of those attorneys in the manner provided by law; that more than three years had elapsed from the date of service of summons; that plaintiff failed to have judgment entered; that no stipulation for extension of time was on file; that no answer was filed by the attorneys of record for the defendants, and that no authority appeared for Thomas T. Califro to file an answer and cross-complaint on behalf of his codefendants. The judgment of dismissal could only be made after an examination of the facts and the application of the legal principles involved. It appears beyond question that this order correctly reflected a judicial determination and that the minute order correctly sets forth the decision of the court on that date.

The order of dismissal was set aside without notice on the ground that it was inadvertently made. It is stated by counsel for the plaintiff, and not denied, that at the hearing on July 21 the attention of the court was not called to the fact that Thomas T. Califro was an attorney at law or to the contents of the verification to the answer and cross-complaint. ▮ It must be assumed that the contents of the verification were judicially known to the court at that time. (*Hollenbach* v. *Schnabel,* 101 Cal. 312, 316 [35 P. 872, 40 Am.St.Rep. 57]; 18 Cal.Jur.2d 471.) While a reporter's transcript has not been furnished on this appeal, the parties concede that the facts as to the purported substitution of attorneys were before the court and that Thomas filed the answer and cross-complaint on behalf of himself and his codefendants. His authority to do so was in direct issue. On the record the court could

only have concluded that no authority appeared for Thomas to represent his codefendants and therefore that as to them no answer or cross-complaint was regularly filed.

The verification contained nothing which would avoid the mandatory provisions of section 581a. The only attorneys of record for the appellant were Rich, Carlin and Fuidge. No substitution or change of attorneys was made in the manner provided by sections 284 and 285 of the Code of Civil Procedure.[2] ■ The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case. (*People* v. *Merkouris*, 46 Cal.2d 540, 554, 555 [297 P.2d 999]; *Wells Fargo & Co.* v. *City & County of San Francisco*, 25 Cal.2d 37, 42 [152 P.2d 625].) ■ Under section 285 written notice of the substitution of a new attorney must be given to the adverse party. Until then the attorney of record must be recognized as his exclusive representative.

■ That Thomas T. Califro was an attorney at law gave him no legal right to represent his codefendants for the reason that they were still represented of record by other attorneys. ■ The court's unawareness of Thomas's status as an attorney was not material to its determination that no answer had been filed and that dismissal was mandatory. It could not serve as the basis for an order setting aside the dismissal on the ground of inadvertence or clerical error. The order of August 26th constituted a new decision after reconsideration of the facts and the applicable legal principles. ■ As stated in *Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9], citing *Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988], "While a court has power to set aside judgments and orders inadvertently made which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend judicial error except under appropriate statutory procedure." In

---

[2]"§ 284. [Change of attorney.] The attorney in an action . . . may be changed at any time before or after judgment . . . as follows:
 "1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes;
 "2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other. . . ."
 "§ 285. Notice of change. When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney."

view of the factual situation appearing in the record, the trial court had no discretion but to dismiss the action against the appealing defendant.

The portion of the order of August 26, 1955, which purported to vacate the dismissal of the action as to the appellant Lena Califro is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.