Filed 1/22/25  Williams v. 1819 S. Gramercy CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PHILL J. WILLIAMS, | B337688 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 20STCV21156) |
| 1819 S. GRAMERCY, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Timothy P. Dillon, Judge. Affirmed.

Phill J. Williams, in pro. per., for Plaintiff and Appellant.

The Safarian Firm, Harry A. Safarian, Christina Karayan, and Hillary D. Patton for Defendants and Respondents.

Appellant Phill J. Williams appeals from a judgment entered following an order enforcing a settlement agreement resolving his claims against defendants 1819 S. Gramercy, LLC, and KMM Management, Inc. (respondents). Appellant contends the agreement is unenforceable due to communications during mediation, unilateral mistake, lack of attorney authority, and other grounds. Finding no error, we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, appellant filed a complaint against his landlord, 1819 S. Gramercy, LLC, and property manager, KMM Management, Inc., alleging habitability violations and premises liability claims. In August 2022, attorney Nissan Thomas became counsel of record for appellant.

The parties attended mediation on October 12, 2023, that resulted in a signed agreement in which appellant agreed to release all claims in exchange for $69,500. The agreement was signed by appellant, his counsel, and respondents' counsel on behalf of respondents. In the agreement it was expressly provided

---

[1] Appellant's request to recuse the trial judge is not properly before us and is denied. A party seeking to disqualify a judge must comply with statutory procedures under Code of Civil Procedure section 170.3 et seq., which include filing a timely motion in the trial court. "It is too late to raise the issue for the first time on appeal." (*People v. Scott* (1997) 15 Cal.4th 1188, 1207.) We also deny the request for judicial notice filed on October 22, 2024.

the court would retain jurisdiction under Code of Civil Procedure section 664.6² to enforce its terms.

Following the mediation, respondents provided appellant with a long-form settlement agreement for signature, which appellant refused to sign, claiming he had not understood the mediation agreement released all claims in the underlying suit. Respondents filed a motion to enforce the settlement agreement under section 664.6. At the initial hearing, the court continued the matter to ensure the fully executed version of the settlement agreement was filed. After review of the complete agreement, the motion was granted, and judgment was entered on March 25, 2024.

Appellant filed a timely appeal of the judgment on May 13, 2024.

## DISCUSSION

### I.  Applicable law and standard of review

Section 664.6, subdivision (a) provides when parties to pending litigation stipulate, in a signed writing for settlement of the case, the court may enter judgment pursuant to the terms of the settlement without the need for a new lawsuit. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809.)

Strong public policy in favor of the settlement of cases gives the trial court the power to enforce such settlements. (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1359.) The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 "are subject to limited appellate review and will not

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

be disturbed if supported by substantial evidence." (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162.) Consistent with the substantial evidence standard and the policy favoring settlements, all evidentiary conflicts must be resolved, and all reasonable inferences must be drawn to support the trial court's finding of an enforceable settlement agreement. (*Osumi*, at pp. 1359–1360.)

## II. Substantial evidence supports the order enforcing the settlement

On a motion to enforce under section 664.6, the trial court determines whether the settlement agreement is valid and binding by assessing whether the material terms of the settlement were reasonably well defined and certain, and whether the parties expressly acknowledged they understood and agreed to be bound by those terms. (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911.)

Here the settlement agreement contains all essential elements required for enforcement under section 664.6. The material terms of the settlement were explicitly defined in the two-page mediation agreement: appellant would receive $69,500 in exchange for releasing all claims arising from the case. Both parties expressed their consent to be bound by signing the agreement, with appellant and his counsel signing personally and respondents' counsel signing on behalf of respondents, thus the agreement was properly memorialized in a writing signed by all parties. The agreement also expressly provided the court would retain jurisdiction under section 664.6 to enforce its terms.

Appellant argues error because the trial court did not have a copy of the settlement agreement when making its determination on the motion. However, the record shows the

4

complete agreement was filed with the court through respondents' motion to enforce settlement. Furthermore the initial hearing was continued to ensure the fully executed version of the settlement agreement was filed and considered. After reviewing "all papers in support of and in opposition of the motion," the court granted the motion to enforce the settlement. Clearly there is no basis to find the trial court did not have the settlement agreement before it when it granted the motion.

Substantial evidence, therefore, supports the grant of the motion to enforce the settlement.

## III. The mediation privilege bars challenges arising from statements made during the mediation

Appellant argues the trial court erred because he was coerced during mediation into entering the settlement. He contends the mediator, his attorney, and respondents improperly discussed a prior settlement agreement involving the Department of Fair Employment and Housing (DFEH) and this resulted in a threat to file a motion to dismiss his current claims because they were barred by this prior settlement.

Evidence of statements made during mediation is barred by the mediation privilege. Evidence Code section 1119, subdivision (a), renders inadmissible "evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation." The Supreme Court has held this mediation privilege "unqualifiedly bars disclosure of communications made during mediation absent an express statutory exception." (*Foxgate Homeowners' Assn. v. Bramalea California, Inc.* (2001) 26 Cal.4th 1, 15.)

While Evidence Code sections 1122 and 1123 provide limited exceptions when all participants expressly agree to

5

disclosure or when a written settlement agreement expressly provides for admissibility, appellant has not shown any exception here. The statements about the prior DFEH settlement and a motion to dismiss were communications made during the course of mediation and thus inadmissible under Evidence Code section 1119. It was therefore proper for the trial court to not consider these inadmissible communications when making the decision regarding the subject motion.

As a result, this discloses no error in the trial court's order.

## IV. Appellant's mistaken understanding of the scope of the release does not render the agreement void

Appellant argues the trial court erred by enforcing the agreement because appellant misunderstood the scope of claims being released. Appellant contends he thought the settlement did not cover his habitability claims. This is a unilateral mistake of fact that may void a contract when each of the following is established: (1) the mistake concerns a basic assumption of the contract; (2) the mistake has a material adverse effect; (3) the mistaken party does not bear the risk of the mistake; and (4) enforcement would be unconscionable. (*Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 282.)

Here, the third element cannot be established because appellant, the mistaken party, bears the risk of his mistake. The mediation agreement expressly stated it was a "full and complete settlement of the Case" and included the release of "all claims" in exchange for a payment of $69,500 to appellant. This language unequivocally reflects the parties intended the settlement to resolve all pending claims in the case. No evidence has been presented to suggest respondents knew appellant did not understand the release of "all claims" did not apply to all claims.

6

Therefore, the unilateral mistake doctrine does not apply. (*Estate of Eskra* (2022) 78 Cal.App.5th 209, 228 ["'courts will not set aside contractual obligations, particularly where they are embodied in written contracts, merely because one of the parties claims to have been ignorant of or misunderstood the provisions of the contract'"].)

Appellant bears the risk of mistake because it arises from his neglect in failing to read or understand the agreement's clear terms. No error has been shown because the record contains substantial evidence showing appellant's mistake about the scope of the release did not render the agreement unenforceable.

## V. Appellant's counsel was authorized to appear at the enforcement hearings

Appellant contends the court erred and lacked jurisdiction to grant respondents' motion because his attorney of record appeared without authorization to oppose respondents' motion to enforce the settlement agreement.

"The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case." (*Epley v. Califro* (1958) 49 Cal.2d 849, 854.) Litigants and "the courts have every right to rely on court records as binding on both litigants and the attorneys appearing of record on their behalf." (*McMillan v. Shadow Ridge at Oak Park Homeowner's Assn.* (2008) 165 Cal.App.4th 960, 965.)

The record shows in August 2022 Nissan Thomas substituted into the case and represented appellant through mediation. Thomas also filed the notice of settlement. There is no record that Thomas resigned or was replaced as counsel for appellant. Therefore, Attorney Thomas had the exclusive right to

7

appear in court for appellant. No error is shown by the trial court relying on court records to recognize Thomas as appellant's representative when he appeared on respondents' motion.

## VI. Appellant's remaining contentions do not establish prejudicial error

Appellant raised many other challenges to the judgment, including: (1) the settlement agreement violated the statute of fraud under "California Section 1572, California Confidential Laws and Public Policy" (boldface & underscoring omitted); (2) his phone was improperly muted during the February 22 hearing; (3) respondents' counsel filed a declaration after the February 22 hearing concluded; (4) respondents failed to properly serve him with their reply papers; (5) his attorney improperly withdrew trust funds; (6) the insurer misdescribed the settlement on the check; (7) respondents failed to pay a $5,000 medical payment; (8) his attorney failed to negotiate habitability claims; and (9) his attorney failed to properly explain Civil Code section 1542.

Appellant fails to show that he raised these issues in the trial court. Issues not raised below are forfeited on appeal, as reviewing courts will not ordinarily consider claims that could have been, but were not, presented below. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Appellate courts are reluctant to reverse judgments on grounds the opposing party never had an opportunity to argue and the trial court never had an opportunity to consider. (*Ibid*.) Since appellant did not show he presented these challenges in the trial court, they are forfeited on appeal.

Further, appellate courts will reverse or modify a judgment only due to prejudicial error. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107–1108.) An appellant bears the burden to show it is

8

reasonably probable he or she would have received a more favorable result at trial had the error not occurred. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 308.) Even if we assumed these additional challenges were not forfeited and have merit, appellant fails to demonstrate how they affected the trial court's core finding the parties entered into an enforceable settlement agreement on October 12, 2023. Instead the record establishes appellant signed a complete settlement agreement containing all material terms. None of his contentions undermines the validity of that agreement or suggests the trial court would have denied enforcement absent the claimed errors. Therefore, no reversible error has been shown.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.

9