[Civ. No. 17356.   First Dist., Div. One.   Mar. 19, 1958.]

CARL KALASH et al., Appellants, v. CHARLES L. HAR-
NEY, INC. (a Corporation) et al., Respondents.

Raymond H. Levy, Courtney L. Moore, Marcel E. Cerf,
Robinson & Leland for Appellants.

Cooley, Crowley & Gaither for Respondents.

McMURRAY, J. pro tem.*—After a jury verdict and judg-
ment thereon, in which plaintiffs recovered damages for re-
moving loam from their property, the trial judge granted a
new trial on the grounds of ''insufficiency of the evidence to
sustain or justify the verdict in whole and in each part there-
of, errors in law, and excessive damages actual and exem-
plary.''

This is an appeal by the plaintiffs from such order granting
a new trial.

■    It is well established that the granting or denial of a
new trial on the grounds of insufficiency of the evidence is
almost completely within the discretion of the trial court,
and that the only question for an appellate court on an appeal

*Assigned by Chairman of Judicial Council.

from such order is whether the trial court abused its discretionary powers. (*Hawk* v. *City of Newport Beach,* 46 Cal. 2d 213 [293 P.2d 48].) Unless it can be said, as a matter of law, that there is no substantial evidence to support a contrary judgment, this court cannot reverse the trial court's determination on such a motion. (*Richardson* v. *Ham,* 44 Cal. 2d 772 [285 P.2d 269].)

From the record before us, there assuredly appears to be a conflict in the evidence as to the damages sustained by the plaintiffs by reason of the defendant's acts. Under such a state of the record, the trial court could well have discredited the testimony presented by plaintiffs as to the amount of the damages, both actual and exemplary. ▆ An order granting a new trial for excessive damages will not be disturbed, if there is a reasonable or fairly debatable justification therefor, and from the record before us it appears that such justification appears here. The order appealed from is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.