[Civ. No. 6939.   Fourth Dist.   May 24, 1963.]

DONALD L. CURRIER, Plaintiff and Appellant, v. COUNTY OF SAN DIEGO et al., Defendants and Respondents.

Prante & Biggins, James J. Biggins, Jr., and Ronis & Donovan for Plaintiff and Appellant.

McInnis, Focht & Fitzgerald and Willam T. Fitzgerald for Defendants and Respondents.

GRIFFIN, P. J.—Plaintiff-appellant, Donald L. Currier, brought this action against defendants-respondents, County of San Diego, A. E. Gallagher individually and as Coroner, James T. Weston individually and as Chief Pathologist of the Coroner's Office, Benjamin T. Williams individually and as Autopsy Surgeon of the Coroner's Office of San Diego County.  Three causes of action are alleged.  The first alleges generally that plaintiff was the husband of one Patricia Jean Currier, deceased, who died September 13, 1960, and that plaintiff was also the father of a stillborn fetus which was within the body of said decedent at the time of her death.  It further alleges that in the performance of an autopsy on the

body of the decedent, the stillborn fetus was removed by the defendants. The gravamen of the first cause of action is that the defendants conspired together and did willfully and maliciously conceal the fact of removal of the fetus from the decedent, and failed to inform plaintiff of the act of removal, and willfully failed to file a fetal death certificate; that as a proximate result of said conspiracy and willful and malicious acts, plaintiff was prevented from giving the fetus a Christian burial.

The second alleges that the defendants thus willfully, maliciously and unlawfully deprived plaintiff of the right to give the aforesaid stillborn child a Christian burial. The third alleges that the defendants were under a duty to retain the fetus for only a reasonable period to ascertain the cause of death of the fetus and that defendants had a duty to notify plaintiff of the fact of retention; and that retention of the fetus for the period from September 13, 1960, to January 9, 1961, was an unreasonable length of time. This cause of action sounds in negligence only and not in willfulness or intention.

Defendants demurred. It was agreed between respective counsel and it was stated to the court that counsel for plaintiff did not desire to have the demurrer sustained with leave to amend because "he couldn't amend to change the complaint in any particular," and that the court should overrule the demurrer or sustain it without leave to amend. After hearing, the court sustained the demurrer to the first cause of action on the ground that it was ambiguous and unintelligible and allowed plaintiff 10 days to amend, and sustained the demurrer to the second and third causes of action without leave to amend. An order was signed to this effect. It does not appear that an amendment to the complaint was made. Plaintiff appeals from this order.

■ No appeal lies from such an order, but it is reviewable on appeal from the judgment that follows. (*Kalash* v. *Charles L. Harney, Inc.*, 158 Cal.App.2d 516 [322 P.2d 488].) Apparently no judgment of dismissal followed. If so, it does not appear in the record. ■ However, in the holding in *Shepardson* v. *McLellan*, 59 Cal.2d 83 [27 Cal.Rptr. 884, 378 P.2d 108], by certain reasoning an appellate court is authorized, in certain cases, to enter a judgment of dismissal and modify the judgment entered and then have the prematurely filed notice of appeal apply to the judgment. See also *Gombos* v. *Ashe*, 158 Cal.App.2d 517 [322 P.2d 933], where it is said that there can be but one judgment in an

action no matter how many counts the complaint contains. However, in those cases, some form of judgment was entered and the appellate tribunal modified the existing judgment by adding a provision for the dismissal of the count involved. In the instant case, no prior or final judgment has been entered, and, accordingly, there is no judgment to modify.

In *Tsarnas* v. *Bailey,* 179 Cal.App.2d 332 [3 Cal.Rptr. 629], the court held that the procedure followed in *Gombos* v. *Ashe, supra,* 158 Cal.App.2d 517, was proper and said that where a judgment had been entered on a cross-complaint, it could modify it to accomplish the purpose, but definitely held that: ''Judgment rendered on a complaint alone, unaccompanied by judgment on a pending cross-complaint, is not a final judgment, and appeal from it may be dismissed on motion.'' (Citing 3 Witkin, California Procedure, § 14, p. 2155; *Nicholson* v. *Henderson,* 25 Cal.2d 375, 381 [153 P.2d 945]; and *Krug* v. *Meehan,* 106 Cal.App.2d 554 [235 P.2d 410].)

From the pleadings and facts stated, it does not appear that a truly severable judgment could be entered. (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935]; *Gombos* v. *Ashe, supra,* 158 Cal.App.2d 517, 524 (see footnote).)

The gist of the complaint is that defendants conspired to conceal the fact of removal of the fetus from the decedent, who had committed suicide, and failed to inform plaintiff of the fact of removal, and also failed to file a fetal death certificate, under the provisions of Health and Safety Code, sections 10175, 10176 and 10177, and accordingly prevented plaintiff from giving the fetus a Christian burial.

At the hearing on the demurrer, considering the possibility of amending the complaint, counsel for plaintiff conceded that the autopsy itself and the removal of the fetus were within the legal rights of the defendants and were not actionable. In addition, it was conceded that the fetus was retained by the coroner only from September 13, 1960, to January 9, 1961, and it was then, in fact, delivered to the plaintiff, and that there was a Christian burial. Just how plaintiff was injured by any claimed failure of defendants to file a fetal death certificate is not indicated. *Gray* v. *Southern Pac. Co.,* 21 Cal.App.2d 240 [68 P.2d 1011], appears to be applicable. Since there was no judgment entered which would determine the ultimate ruling of the court on the first cause of action, after plaintiff was given 10 days to amend and no final deter-

mination was made as to this count, or that the action was in fact dismissed, we are unauthorized to consider the merits of the appeal.

Attempted appeal dismissed.

Coughlin, J., and Brown (G.), J., concurred.