Filed 1/6/16  Jamali v. Bank of America Home Loans CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PARVIN JAMALI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BANK OF AMERICA HOME LOANS,<br>AS SUCCESSOR LOANS, INC. et al.,<br><br>    Defendants and Respondents. | B256199<br><br>(Los Angeles County<br>Super. Ct. No. BC518965) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt, Judge.  Affirmed in part; dismissed in part.

Law Office of Michael Shemtoub and Michael Shemtoub for Plaintiff and Appellant.

Reed Smith, Michael Gerst and Myles A. Lanzone; Dinsmore & Sandelmann, Frank Sandelmann and Kirsten Stockton for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff, Parvin Jamali, appeals from a March 10, 2014 judgment of dismissal in favor of defendants: Bank of America, N.A., as successor-by-merger to Bank of America Home Loans Servicing LP formerly known as Countrywide Home Loans Servicing LP (Bank of America), ReconTrust Company, N.A. (ReconTrust Company), and The Bank of New York Mellon formerly known as The Bank of New York as Trustee for Certificateholders of CWMBA, Inc., CHL Mortgage Pass-Through Trust 2007-HY4, and Mortgage Pass-Through Certificates, Series 2007-HY4 (the trust). The judgment was entered after the trial court sustained without leave to amend the demurrers of defendants and a codefendant, Martingale Investments, LLC. Plaintiff argues the trial court erred by following *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 505 (*Jenkins*). Plaintiff contends rather that *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1092-1101 (*Glaski*) is the controlling authority. We disagree. We affirm the March 10, 2014 judgment of dismissal.

Plaintiff also appeals the order sustaining the demurrer of Martingale Investments, LLC without leave to amend. However, we do not consider that ruling because there is no judgment dismissing the complaint of Martingale Investments, LLC. Accordingly, we dismiss plaintiff's appeal relating to Martingale Investments, LLC.

# II. BACKGROUND

## A. Complaint

On August 20, 2013, plaintiff filed a verified complaint against defendants. The complaint alleges four causes of action: quiet title; wrongful foreclosure; cancellation of instruments; and elder abuse. Plaintiff is an elderly woman who purchased real property in Hollywood, California on August 3, 2007. On the same day, Countrywide Home Loans, Inc. recorded a trust deed securing a loan of $720,000 that was made to plaintiff.

2

ReconTrust Company, is named the trustee on the trust deed with Countrywide Home Loans, Inc. identified as the lender. Bank of America later became the successor in interest to Countrywide Home Loans, Inc.

On March 1, 2012, Mortgage Electronic Registration Systems, Inc., on behalf of Bank of America, recorded the assignment of trust deed to the trust. On August 9, 2012, ReconTrust Company recorded a notice of default on behalf of the trust. On June 14, 2013, ReconTrust Company recorded a notice of trustee's sale. According to the complaint, ReconTrust Company allegedly failed to comply with Civil Code section 2923.3. The trustee's sale notice stated plaintiff's home would be sold at an auction on July 8, 2013. Martingale Investments, LLC purchased the property at an auction. On July 18, 2013, Martingale Investments, LLC recorded the trustee's deed upon sale.

The complaint alleges Bank of America's securitization and transfer of the trust deed and promissory note to the trust was void as a matter of law under New York Estates, Powers and Trusts Law section 7-2.4. Bank of America's assignment of the trust deed and promissory note allegedly failed because they occurred after the closing date of the trust. According to the complaint, no trust deed and promissory note can be transferred to the trust after the September 28, 2007 closing date. In addition, the complaint alleges, "Coupled with all of the failings with Civil Code 2923, et seq. . . ., it is clear that Plaintiff who has offered to pay off her loan as early as the invalid Assignment of the Deed of Trust was recorded (to the proper entity) (months before any default had ever occurred and continuing to so offer after Notice of Default was recorded and continuing till even after the Trustee's Sale) is entitled to a rescission of the Trustee's Sale of July 8, 2013, and is likewise entitled to tort like damages as well."

B. Plaintiff's Applications for Orders to Transfer, Relate and Consolidate Unlawful Detainer Case and Motion for Judgment on Pleadings

On August 23, 2013, plaintiff filed an ex-parte application for order transferring the unlawful detainer case from the Los Angeles County Superior Court in Santa Monica

3

and relating the cases. The unlawful detainer case was filed by Martingale Investments, LLC against plaintiff on July 23, 2013. On August 28, 2013, plaintiff filed a second ex-parte application for orders to transfer, relate and consolidate the cases. On the same day, the trial court granted in part and denied in part plaintiff's ex-parte application. The trial court ordered the cases related but denied the motion to consolidate without prejudice.

On October 28, 2013, plaintiff filed an ex-parte application for orders advancing the hearing on her motions to consolidate the cases and for judgment on the pleadings. In addition, plaintiff moved to vacate or continue the trial date set for the unlawful detainer case. Plaintiff's counsel stated the unlawful detainer case was set for a bench trial when it should be set for a jury trial. The trial court granted plaintiff's ex-parte application in part by vacating the unlawful detainer trial date. The trial court denied plaintiff's requests to shorten time on the motions.

On November 4, 2013, plaintiff filed a motion to consolidate the cases. In addition, plaintiff moved for judgment on the pleadings. On December 4, 2013, the trial court denied plaintiff's motion for judgment on the pleadings. The trial court granted plaintiff's motion to consolidate the unlawful detainer case with the civil action.

## C. Demurrers

On September 3, 2013, defendants demurred to the complaint. In support of their demurrer, defendants requested judicial notice of the following documents: the trust deed; the assignment of the trust deed; the notice of default and election to sell; the trustee's sale notice; and the trustee's deed of sale. On September 27, 2013, Martingale Investments, LLC demurred to the complaint. Martingale Investments, LLC requested judicial notice of the: trustee's deed upon sale; default notice and election to sell; and trustee sale notice. On December 30, 2013, plaintiff filed oppositions to the demurrers. In addition, plaintiff opposed defendants' requests for judicial notice of documents in support of the demurrers.

4

## D. Trial Court Rulings

On March 10, 2014, the trial court ruled on defendants' demurrers. The trial court found plaintiff's oppositions to the demurrers were untimely served but nevertheless considered them. In addition, the trial court took judicial notice of the: trust deed dated July 25, 2007; trust deed assignment dated March 1, 2012; default notice recorded on August 9, 2012; trustee's sale notice recorded on June 14, 2013; and trustee's deed upon sale recorded on July 18, 2013. The trial court sustained defendants' demurrers without leave to amend.

With respect to the first cause of action for quiet title, the trial court ruled: plaintiff failed to allege Martingale Investments, LLC had constructive or actual knowledge of the alleged irregularities in the foreclosure sale; plaintiff did not allege Martingale Investments, LLC engaged in any wrongful conduct; and Civil Code sections 2923.5 and 2924, subdivision (b)(5) did not permit plaintiff to set aside the trustee's sale. The trial court sustained defendants' demurrer to the quiet title cause of action because plaintiff failed to allege tender. The trial court reasoned: "As to the tender issue, the complaint alleges that at some point Plaintiff wished to pay off the loan but the [proper] parties were not informed. The complaint does not allege that Plaintiff is currently willing and able to tender all amounts due, nor has she alleged any exceptions to this requirement." The trial court also found plaintiff did not allege defendants' wrongful interest in the property based on the sale to Martingale Investments, LLC.

In addition, the trial court sustained the demurrers to the second cause of action for wrongful foreclosure. The trial court ruled: Civil Code section 2923.5 did not permit plaintiff to set aside the foreclosure sale; plaintiff did not have standing to challenge the assignment of the loan to the trust; and the complaint did not allege Martingale Investments, LLC was involved in the foreclosure proceeding other than being the purchaser of the property.

The trial court sustained the demurrers to the third cause of action for cancellation of instruments because it was premised on the alleged improper assignment of the loan to

5

the trust.  Because the trial court rejected plaintiff's challenge to the late assignment, it sustained the demurrers without leave to amend as to the cancellation of instruments claim.  Finally, the trial court sustained the demurrers to the fourth cause of action for elder abuse without leave to amend because it was based on the other causes of action.

On March 10, 2014, the trial court entered a judgment of dismissal in defendants' favor.  On April 21, 2014, the trial court entered an order and judgment of dismissal in favor of Martingale Investments, LLC.  In addition, the trial court, *nunc pro tunc*, ordered the unlawful detainer severed from the civil action and transferred back to the Los Angeles County Superior Court in Santa Monica.  On  April 30, 2014, plaintiff filed an ex-parte application for an order vacating the Martingale Investments, LLC order and judgment of dismissal.  On April 30, 2014, the trial court granted plaintiff's application and vacated the April 21, 2014 order and judgment of dismissal in favor of Martingale Investments, LLC.  Plaintiff filed her notice of appeal on May 8, 2014.

## III.  DISCUSSION

### A.  Appealability

Plaintiff suggests we may not have jurisdiction to consider the present appeal because of the one final judgment rule.  Under the one final judgment rule, a judgment that fails to dispose of all causes of action pending between the parties is interlocutory and thus generally not appealable.  (Code Civ. Proc., § 904.1, subd. (a); *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100-1101; *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741.)  But an appeal will not be dismissed when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one of the parties.  (*Justus v. Atchison* (1977) 19 Cal.3d 564, 568, disapproved on another ground in *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 171; *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437; *Estate of Gonzalez* (1990) 219 Cal.App.3d 1598, 1601 ["It is well settled that where, as here, there is a judgment resolving *all* issues between a

6

plaintiff and one defendant, then either party may appeal from an adverse judgment, even though the action remains pending between the plaintiff and other defendants."])  Here, the March 10, 2014 order and judgment dismissing defendants from the case with prejudice is a final judgment that resolves all issues between plaintiff and defendants.  Thus, we have jurisdiction to consider plaintiff's appeal from the March 10, 2014 judgment of dismissal in defendants' favor.

However, we cannot consider plaintiff's appeal from the order sustaining the demurrer of Martingale Investments, LLC without leave to amend.  The trial court entered an order and judgment of dismissal in favor of Martingale Investments, LLC on April 21, 2014.  But the trial court later vacated the judgment in favor of Martingale Investments, LLC on April 30, 2014.  Thus, plaintiff cannot appeal the order sustaining Martingale Investments' demurrer.  In *I.J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331, our Supreme Court stated, "An order sustaining a demurrer without leave to amend is *not* an appealable order; only a judgment entered on such an order can be appealed."  (Accord, *Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425; *Jackson v. Teachers Ins. Co.* (1973) 30 Cal.App.3d 341, 343.)

Martingale Investments, LLC contends dismissal of plaintiff's appeal would cause "unnecessary delay and circuity," citing *Shepardson v. McLellan* (1963) 59 Cal.2d 83, 89 (*Shepardson*).  Relying on *Sherpardson*, Martingale Investments, LLC argues we can save the appeal by amending the judgment in favor of defendants so as to include it.  But in *Sherpardson*, our Supreme Court modified an existing judgment to dismiss the cause of action subject to the demurrer and treated the notice of appeal as a premature filing of that judgment.  (*Ibid.*)  *Sherpardson* is inapplicable because in this case there is no existing judgment as to Martingale Investments, LLC.  (*Currier v. County of San Diego* (1963) 216 Cal.App.2d 595, 596-597 [no appeal lies where there is no judgment of dismissal to modify]; see Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2014) ¶ 2:20, p. 2-19.)  Accordingly, plaintiff's appeal from the March 10, 2014 order sustaining the demurrer of Martingale Investments, LLC is dismissed.

B. Judicial Notice

As a preliminary matter, plaintiff asserts the judgment must be reversed because defendants failed to request that we take judicial notice of documents already noticed by the trial court. Under Evidence Code section 459, subdivision (a), we are required to judicially notice each matter properly noticed by the trial court. In reviewing the trial court's ruling sustaining the demurrer, we may consider matters that have been judicially noticed. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

Plaintiff also challenges the trial court's judicial notice of the following documents: the trust deed trust; the assignment of the trust deed; the default notice; the trustee's sale notice; and the trustee's deed upon sale. Plaintiff argues it was inappropriate for the trial court to judicially notice these documents. We review for abuse of discretion the trial court's ruling granting the judicial notice request. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264; *Evans v. California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 549.)

The trial court did not abuse its discretion in granting defendants' judicial notice request. All of the judicially noticed documents were referenced and attached to the complaint. Exhibits attached to the complaint may be considered on demurrer. (*Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London* (2008) 161 Cal.App.4th 184, 191; *City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800 ["Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer."]; *Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1101; *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94.) On review of a ruling on a demurrer, we accept as true the contents of documents attached to the complaint. (*Jibilian v. Franchise Tax Bd.* (2006) 136 Cal.App.4th 862, 864 fn. 1; *Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409.) Furthermore, the court may take judicial notice of recorded documents under Evidence Code section 452,

subdivisions (c), (g) and (h).  (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 803 [judicial notice of trustee's deed upon sale]; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194; *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 264 [judicial notice of trust deed]; *Lockhart v. MVM, Inc.* (2009) 175 Cal.App.4th 1452, 1460-1461 [judicial notice of grant deed]; *Evans v. California Trailer Court, Inc., supra,* 28 Cal.App.4th at p. 549 [judicial notice of trustee's deed]; *Cal-American Income Property Fund II v. County of Los Angeles* (1989) 208 Cal.App.3d 109, 112, fn. 2.)


## C.  Standard of Review for Demurrer


On appeal from a judgment based on an order sustaining a demurrer, we assume all the facts alleged in the complaint are true.  (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998; *Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6.)  In addition, we consider judicially noticed matters.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors, supra,* 48 Cal.4th at p. 42; *Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6.)  We accept all properly pleaded material facts but not contentions, deductions or conclusions of fact or law.  (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.)  We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors, supra,* 48 Cal.4th at p. 42; *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  We read the complaint as a whole and its parts in their context to give it a reasonable interpretation.  (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  We affirm an order sustaining a demurrer only if the complaint fails to state a claim under any possible legal theory.  (*Sheehan v. San Francisco 49ers, Ltd., supra,* 45 Cal.4th at p. 998; *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810.)

9

## D. Quiet Title

For a quiet title cause of action, it is sufficient to allege the plaintiff's ownership and possession of the real property and the defendant's claims of an adverse interest. (*Lucas v. Sweet* (1956) 47 Cal.2d 20, 22; *Ephraim v. Metropolitan Trust Co.* (1946) 28 Cal.2d 824, 833; *South Shore Land Co. v. Peterson* (1964) 226 Cal.App.2d 725, 740-741.) In *West v. JPMorgan Chase Bank, N.A., supra,* 214 Cal.App.4th at page 802, the Fourth Appellate District, Division Three explained: "An element of a cause of action for quiet title is '[t]he adverse claims to the title of the plaintiff against which a determination is sought.' (Code Civ. Proc., § 761.020, subd. (c).)" A borrower cannot satisfy this element where defendants make no adverse claims to title after the property has been sold at a foreclosure sale to a third party purchaser. (*West v. JPMorgan Chase Bank, N.A., supra,* 214 Cal.App.4th at pp. 802-803.) Here, the property was sold at a trustee's sale to a third party purchaser, Martingale Investments, LLC. The complaint does not allege defendants have an adverse claim to title subsequent to the foreclosure sale. Nor does the complaint allege defendants still hold an interest in the property after the trustee's sale. Because the defendants do not have an adverse claim to title, the trial court did not err by sustaining their demurrer to the first cause of action for quiet title.

## E. Wrongful Foreclosure

To challenge a nonjudicial foreclosure sale, a plaintiff may bring a suit in equity to have the sale set aside and title restored. (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 10-11; *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 103.) To set aside a trustee's sale or maintain a wrongful foreclosure claim, the complaint must allege: the defendants caused an illegal, fraudulent or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or trust deed; the plaintiff suffered prejudice or harm; and the plaintiff tendered the amount of the secured indebtedness or was excused from tendering. (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052,

1062; *West v. JPMorgan Chase Bank, N.A., supra,* 214 Cal.App.4th at p. 800; *Lona v. Citibank, N.A., supra,* 202 Cal.App.4th at p. 104.)

Plaintiff premises her wrongful foreclosure cause of action on the alleged void transfer of her trust deed and promissory note to the trust after its closing date. The complaint alleges Bank of America's securitization and transfer of the trust deed and promissory note to the trust on March 1, 2012, was void. According to the complaint, no trust deed or promissory note could be transferred to the trust after it closed on September 28, 2007.

Plaintiff contends she has standing to challenge the assignment of the trust deed and subsequent foreclosure relying on *Glaski, supra,* 218 Cal.App.4th at pages 1092-1101. She argues the trial court erred by relying on *Jenkins, supra,* 216 Cal.App.4th at pages 511-515. The *Jenkins* decision predates *Glaski, supra,* 218 Cal.App.4th at pages 1095-1097. Plaintiff contends *Glaski* is controlling authority because it is factually similar to this case. She asserts the trial court erred in adopting the rationale in *Jenkins* because that case is not on point. We disagree.

In *Jenkins*, the plaintiff borrower sought declaratory relief based on the defendants' alleged improper transfer of the promissory note during the securitization process. (*Jenkins, supra,* 216 Cal.App.4th at p. 514.) The plaintiff asserted the defendants did not have a secured interest in her home to foreclose upon. The plaintiff reason no secured interest existed because of alleged noncompliance with the terms of the investment trust's pooling and servicing agreement. (*Ibid.*) The plaintiff alleged the pooling and servicing agreement were violated in part because the trustee of the investment trust did not have physical possession of the note and trust deed prior to the closing date of the investment trust. (*Id.* at p. 510.) The Fourth Appellate District, Division Three held the plaintiff lacked standing to challenge the alleged improper transfer of the promissory note: "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. [Citation.] [¶]

11

Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged." (*Id.* at p. 515.)

In *Glaski*, the plaintiff borrower alleged the transfer of his trust deed to the securitized trust was ineffective because it was made after the trust's closing date. (*Glaski, supra,* 218 Cal.App.4th at p. 1082.) The Fifth Appellate District panel reasoned plaintiff had standing to challenge the trust deed assignment if the alleged defects made the assignment void and not merely voidable. (*Glaski, supra,* 218 Cal.App.4th at pp. 1094-1095.) The Fifth Appellate District reached this conclusion based on its literal reading of New York Estates, Powers and Trusts Law section 7-2.4, which states, "If the trust is expressed in [an] instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." (*Glaski, supra,* 218 Cal.App.4th at pp. 1096-1097.) The *Glaski* court ruled under New York trust law, the trust deed assignment was void because it contravened the trust document. (*Id.* at p. 1096.) The Fifth District panel also relied upon on *Wells Fargo Bank, N.A. v. Erobobo* (N.Y. Sup. Ct. 2013) 39 Misc.3d 1220(A) (*Erobobo*). The Fifth Appellate District panel held the borrower had standing to challenge the trust deed assignment because transfers made after the trust's closing date were void. (*Glaski, supra,* 218 Cal.App.4th at p. 1097.)

Plaintiff contends the trial court erred in following *Jenkins* rather than *Glaski* as the controlling authority. Both *Jenkins* and *Glaski* involve borrowers challenging the foreclosure of their homes based on the transfer of a promissory note or trust deed that allegedly contravened the terms of the trust document. *Jenkins* concluded the borrower, as an unrelated third party, did not have standing to challenge the transfer of the promissory note. By contrast, *Glaski* ruled the borrower had standing to challenge the void trust deed assignment. Where there is a conflict in the existing law, the trial court may choose between the conflicting decisions. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456; *McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315, fn.

12

4.) The trial court was well within its rights to follow the reasoning of *Jenkins* rather than *Glaski.*

And to the extent plaintiff argues we are required to reverse the trial court's ruling based on *Glaski*, we disagree. We are not bound by the *Glaski* decision. In the case of *In re Marriage of Shaban* (2001) 88 Cal.App.4th 398, 409, the Fourth Appellate District, Division Three explained, "[B]ecause there is no 'horizontal stare decisis' within the Court of Appeal, intermediate appellate court precedent that might otherwise be binding on a trial court (see *Auto Equity Sales, Inc. v. Superior Court*[*, supra,* 57 Cal.2d at p. 455]) is not absolutely binding on a different panel of the appellate court." (Accord, *Scher v. Burke* (2015) 240 Cal.App.4th 381, 398; *Sarti v. Salt Creek Ltd.* (2008) 167 Cal.App.4th 1187, 1193; *McCallum, supra,* 190 Cal.App.3d at p. 315, fn. 4.)

Further, we deny plaintiff's request we defer ruling on this appeal until the Supreme Court decides the standing issue. Our Supreme Court has granted review of four wrongful foreclosure cases that declined to follow *Glaski*. (*Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted August 27, 2014, S218973; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012; *Mendoza v. JPMorgan Chase Bank, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675; *Boyce v. T.D. Service Co.* (2015) 235 Cal.App.4th 429, review granted July 15, 2015, S226267.) Pending before the Supreme Court in *Yvanova* is the following issue: "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?" (*Yvanova v. New Century Mortgage Corp.* (2014) 331 P.3d 1275.) Until our Supreme Court requires us to do otherwise, we decline to follow *Glaski.*

Further, numerous state and federal courts have found *Glaski* unpersuasive. (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 744 ["Although not necessary to our decision, we note that many courts have criticized *Glaski's* finding that the plaintiff had standing to challenge alleged violations of the securitization process."]; *Rajamin v. Deutsche Bank Nat'l. Trust Co.* (2d Cir. 2014) 757 F.3d 79, 86-90 (*Rajamin*) [borrowers

13

lacked standing to challenge assignments of their mortgages]; *Brown v. Green Tree Servicing LLC* (D.Minn. 2015) 86 F.Supp.3d 1047, 1048, fn. 2; *Pratap v. Wells Fargo Bank, N.A* (N.D.Cal. 2014) 63 F.Supp.3d 1101, 1109, fn. 4; *Conant v. Wells Fargo Bank, N.A.* (D.D.C. 2014) 60 F.Supp.3d 99, 109, fn. 4; *Flores v. EMC Mortgage Co.* (E.D.Cal. 2014) 997 F.Supp.2d 1088, 1104; *Sandri v. Capital One, N.A. (In re Sandri)* (Bankr.N.D.Cal. 2103) 501 B.R. 369, 374-375; *U.S. Bank Nat'l. Assn. v. Salvacion* (HawaiiCt.App. 2014) 134 Haw. 170, 175-176; *Wood v. Germann* (Nev. 2014) 331 P.3d 859, 861; *Deutsche Bank Nat'l. Trust Co. v. Maclaurin* (N.M.Ct.App. 2015) 350 P.3d 1201, 1204. ) We are persuaded by the reasoning in *Jenkins* that borrowers lack standing to challenge a late assignment because they are not parties or intended beneficiaries to the trust document. (*Jenkins, supra,* 216 Cal.App.4th at p. 515; accord, *Rajamin, supra,* 757 F.3d at p. 88 ["[U]nder New York law, only the intended beneficiary of a private trust may enforce the terms of the trust."].)

In addition, subsequent decisions by New York appellate court and the Second Circuit cast doubt on *Glaski's* interpretation of New York law and undermine its rationale for standing. In *Glaski*, the court reasoned the borrower had standing to challenge the trust deed trust assignment because the transfer was void under New York Estates, Powers and Trusts Law section 7-2.4. The *Glaski* court relied on *Erobobo, supra,* 39 Misc.3d 1220(A), a New York trial court decision to support its interpretation of New York law. But that decision has been reversed by the Appellate Division, Second Department of the Supreme Court of New York. The New York appellate court ruled, "[A] mortgagor whose loan is owned by a trust [] does not have standing to challenge the [assignee's] possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the [pooling and servicing agreement]." (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.App.Div. 2015) 127 A.D.3d 1176, 1178, citing *Bank of N.Y. Mellon v. Gales* (N.Y.App.Div. 2014) 116 A.D.3d 723, 725 [borrowers lacked standing to challenge noncompliance with the lender's pooling service agreement] and *Rajamin, supra,* 757 F.3d at pp. 86-87.)

14

Likewise in *Rajamin*, the Second Circuit rejected *Glaski*'s interpretation of New York Estates, Powers and Trusts Law section 7-2.4. (*Rajamin, supra,* 757 F.3d at p. 90.) The Second Circuit ruled the trust deed assignments were voidable, not void. (*Ibid*.) The Second Circuit explained: "[W]e conclude that as unauthorized acts of a trustee may be ratified by the trust's beneficiaries, such acts are not void but voidable; and that under New York law such acts are voidable only at the instance of a trust beneficiary or a person acting in his behalf. Plaintiffs here are not beneficiaries of the securitization trusts; the beneficiaries are the certificateholders. Plaintiffs are not even incidental beneficiaries of the securitization trusts, for their interests are adverse to those of the certificateholders. Plaintiffs do not contend that they did not receive the proceeds of their loan transactions; and their role thereafter was simply to make payments of the principal and interest due. The law of trusts provides no basis for plaintiffs' claims." (*Ibid*.) Given *Glaski's* debatable minority interpretation of New York law, we decline to follow it. We conclude plaintiff lacks standing to challenge the late assignment of the promissory trust deed because the transfer was not void.

Even assuming the assignment is void, plaintiff cannot allege facts showing prejudice because her obligations under the promissory note remain unchanged. (*Jenkins, supra,* 216 Cal.App.4th at p. 515; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85 [absent prejudice, borrower lacks standing to challenge defective assignment].) As explained by the First Appellate District, Division One in *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at page 272: "[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. [Citations.] . . . Prejudice is not presumed from 'mere irregularities' in the process. [Citation.] Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations

15

under the note.  Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note [citation] . . ., nor that the original lender would have refrained from foreclosure under the circumstances presented.  If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender . . . ." (Accord, *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508.)  Here, the complaint fails to allege plaintiff suffered any prejudice as a result of any irregularity in the assignment of the promissory note and the trust deed.

In summary, plaintiff cannot allege a wrongful foreclosure claim.  She lacks standing to challenge the assignment of the promissory note and trust deed.  In addition, plaintiff is not prejudiced by any irregularities in the securitization process because her obligations under the promissory note and trust deed remain unchanged.  Because plaintiff fails to allege a wrongful foreclosure cause of action as a matter of law, it is not necessary for us to determine whether the complaint sufficiently alleges tender.

We also decline to decide whether Civil Code sections 2924.19 and 2924.12, the Homeowner Bill of Rights, permits plaintiff to assert a wrongful foreclosure claim based on irregularities in the securitization process.  For the first time in the reply brief, plaintiff argues Civil Code sections 2924.19 and 2924.12 grant her standing to challenge the validity of the trust deed assignment.  By failing to raise this argument in the opening brief, plaintiff has forfeited the issue on appeal. (*Telish v. State Personnel Bd.* (2015) 234 Cal.App.4th 1479, 1487, fn. 4; *Dieckmeyer v. Redevelopment Agency of Huntington Beach* (2005) 127 Cal.App.4th 248, 260.)


F.  Cancellation of Instruments


Plaintiff requests judicial cancellation of the:  the assignment of the trust deed; default notice; trustee's sale notice; and trustee's deed upon sale.  Under Civil Code section 3412, a plaintiff may bring suit to remove a cloud on title by judicial cancellation or adjudication that the instrument is invalid. (*Castro v. Barry* (1889) 79 Cal. 443, 445;

16

*M.F. Farming Co. v. Couch Distributing Co., Inc.* (2012) 207 Cal.App.4th 180, 200.) Civil Code section 3412 provides, "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." (See *M.F. Farming Co. v. Couch Distributing Co., Inc., supra,* 207 Cal.App.4th at p. 200.)

Plaintiff's third cause of action for cancellation of instruments is based on the alleged invalid assignment of the promissory note and trust deed. But as discussed above, plaintiff lacks standing to challenge the validity of the assignment. Accordingly, plaintiff's cause of action for cancellation of instruments fails as a matter of law. The trial court properly sustained defendants' demurrer on the cancellation of instruments cause of action.

## G. Elder Abuse

Welfare and Institutions Code section 15610.30, subdivision (a)(1) states: "'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following: [¶] (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Further, Welfare and Institutions Code section 15610.30, subdivision (b) states, "A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." It is unnecessary to show a fraudulent intent if the defendant took the property for a wrongful use and knew or should have known the challenged conduct harmed the plaintiff. (*Stebley v. Litton Loan Servicing LLP* (2011) 202 Cal.App.4th 522, 527-528; *Bonfigli v. Strachan* (2011) 192 Cal.App.4th 1302, 1315-1316.) In *Stebley v. Litton Loan Servicing, LLP*, *supra*, 202 Cal.App.4th at page 528, the Third Appellate

17

District explained: "As we held in an analogous case, 'It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. . . . [A] commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights.' (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 334-335 [].)" Plaintiff's fourth cause of action for elder abuse is predicated on the alleged invalid assignment of the promissory note and trust deed. Based on the foregoing analysis, plaintiff lacks standing to challenge the late assignment. The trial court did not err in sustaining defendants' demurrer on the financial elder abuse cause of action.

## H. Denial of Leave to Amend Complaint

When a trial court sustains a demurrer without leave to amend, we determine whether there is a reasonable possibility that the defect can be cured by amendment. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) The trial court abuses its discretion if there is a reasonable possibility plaintiff could cure the defect by amending the complaint. (*City of Dinuba v. County of Tulare, supra,* 41 Cal.4th at p. 865; *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) The plaintiff has the burden of proving the defect would be cured by an amendment. (*Campbell v. Regents of University of California, supra,* 35 Cal.4th at p. 320; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Defendant has failed to provide either a reporter's transcript or a suitable substitute of the demurrer hearing.

On October 20, 2015, we requested the parties to brief whether plaintiff's failure to designate a reporter's transcript or suitable substitute warrants affirmance based on the inadequacy of the record. In response, plaintiff argues a reporter's transcript or agreed settled statement is not required because this court reviews de novo the order sustaining the demurrer. However, as noted, we review an order denying leave to amend for an abuse of discretion.

18

A judgment or order is presumed to be correct and appellant has a duty to provide the reviewing court with an adequate record to demonstrate error.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)  In numerous situations, courts have refused to reach the merits of an appellant's claims because appellant failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1210-1211 [appellant forfeits challenge of denial of leave to amend]; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [discretionary relief under Code Civ. Proc., § 473, subd. (b)]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [no record of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [attorney fee award affirmed where trial transcript not provided]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [no reporter's transcript of surcharge hearing];  *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion affirmed where reporter's transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Hernandez v. City of Encinitas* (1994) 28 Cal.App.4th 1048, 1076-1077 [preliminary injunction hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition];  *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 711-712 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [argument to jury not in reporter's transcript]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462-463 [failure to

secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 9-10 [no reporter's transcript of hearing ordering arbitration].) Plaintiff's failure to provide an adequate record forfeits any contention concerning leave to amend.

In any event, there is no merit to plaintiff's abuse of discretion contentions. Plaintiff has not proposed any specific amendment to cure the pleading defects identified above and we can conceive of none. Putting aside the inadequacy of the record, the trial court's denial of leave to amend the complaint, was not an abuse of discretion.

## IV. DISPOSITION

Plaintiff's appeal relating to Martingale Investments, LLC is dismissed. As to the remaining parties, the March 10, 2014 judgment of dismissal is affirmed. Defendants, Bank of America, N.A., as successor-by-merger to Bank of America Home Loans Servicing L.P. formerly known as Countrywide Home Loans Servicing LP, ReconTrust Company, N.A., and The Bank of New York Mellon formerly known as The Bank of New York as Trustee for Certificateholders of CWMBA, Inc., CHL Mortgage Pass-Through Trust 2007-HY4, and Mortgage Pass-Through Certificates, Series 2007-HY4, shall recover their costs on appeal from plaintiff, Parvin Jamali.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:


MOSK, J.                    KRIEGLER, J.


20